**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>SILVERROCK DEVELOPMENT COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11647 (MFW)<br><br>(Jointly Administered) |
| GRANITE CONSTRUCTION COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CASSIDY TRAUB, AS CO-TRUSTEE OF TRAUB FAMILY REVOCABLE TRUST, DATED JANUARY 22, 2015; *et al.*,<br><br>Defendants. | Adv. Pro. No. 26-50631-MFW |

**KEILLOR CAPITAL, INC., RAF PACIFICA LOAN OPPORTUNITY FUND I, LLC, AND ARNOLD FISHMAN'S REQUEST FOR JUDICIAL NOTICE PURSUANT TO FEDERAL RULES OF EVIDENCE 201 IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

Defendants RAF Pacifica Loan Opportunity Fund I, LLC ("RAF Pacifica"), Arnold Fishman, as Trustee of the Arnold Fishman Revocable Trust Dated July 15, 1999 ("Fishman," and together with RAF Pacifica, the "Keillor Lenders"), and Keillor Capital, Inc. (together with the Keillor Lenders, the "Keillor Defendants"), by and through their undersigned counsel, respectfully request this Court to take judicial notice, pursuant to Federal Rule of Evidence 201, made applicable here by Federal Rules of Bankruptcy Procedure 9017, of the existence, contents, recording, filing, and matters reflected in the public records and court filings identified below, but not disputed factual assertions contained therein except to the extent such facts are independently

capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.

**DOCUMENTS**

1. **Exhibit A**: Printout from Riverside Assessor-County Clerk-Recorder's Office regarding RGC PA 789, LLC, available at: https://webselfservice.rivcoacr.org/Web/.

2. **Exhibit B**: Printout from Riverside Assessor-County Clerk-Recorder's Office regarding SilverRock Land II, LLC, available at: https://webselfservice.rivcoacr.org/Web/.

3. **Exhibit C**: Debtors' Second Amended Plan filed as ECF No. 1111.

4. **Exhibit D**: A Grant Deed obtained from the Riverside Assessor-County Clerk-Recorder's Office, reflecting that, on or about December 8, 2025, SilverRock Land II, LLC and RGC PA 789, LLC (collectively, the "Borrowers") transferred their respective interests in the properties they owned, including Assessor Parcel Numbers 777-060-075, 777-060-078, 777-060-085, and 777-060-083 (collectively the "Keillor Lender Properties").

5. **Exhibit E**: Section 215 of the Assessors' Handbook published and maintained the by the California State Board of Equalization, available at https://www.boe.ca.gov/proptaxes/ahcont.htm.

6. **Exhibit F**: A copy of the claim of mechanic's lien recorded by plaintiff Granite Construction Company ("Granite") on September 29, 2022, as Document #2022-0411618 ("Granite Lien").

7. **Exhibit G**: A copy of the notice of pendency of action recorded by Granite on December 23, 2022, as Document #2022-0511834 ("Lis Pendens").

8. **Exhibit H**: Deed of Trust, Assignment of Leases and Rents, and Security Agreement recorded on October 13, 2023, as Document #2023-0302967 ("DOT 1").

9. **Exhibit I**: Deed of Trust, Assignment of Leases and Rents, and Security Agreement recorded on October 13, 2023, as Document #2023-0302968 ("DOT 2" and together with DOT 1, the "Keillor Deeds of Trust").

**<u>FACTS ESTABLISHED BY THE DOCUMENTS</u>**

10. A record obtained from the Riverside County Recorder's official index, attached as **Exhibit A**, establishes that the Granite Lien and the Lis Pendens were not recorded against properties in Riverside County owned by RGC PA 789, LLC.

11. A record obtained from the Riverside County Recorder's official index, attached as **Exhibit B**, establishes that the Granite Lien and the Lis Pendens were not recorded against properties in Riverside County owned by SilverRock Land II, LLC .

12. The Granite Lien, attached as **Exhibit G,** identifies the properties subject to the lien as having the following Assessor's Parcel Numbers only: 777-490-042, 777-490-043, 777-490-044, and 777-490-045.

13. The Granite Lien, attached as **Exhibit G,** identifies SilverRock Phase 1 LLC as the only owner or reputed owners of the real property subject to the lien.

14. The Debtors' Second Amended Plan, attached as **Exhibit C**, and Keillor Deeds of Trust, attached as **Exhibits H** and **I,** establish that RGC PA 789, LLC owned 100% of the fee interest in "Planning Areas 7 and 8" (i.e., Assessor Parcel Numbers 777-060-075, 777-060-078, and 777-060-085), and a 57.2% interest in "Planning Area 9" (i.e., Assessor Parcel Number 777-060-083) as a tenant in common with non-debtor SilverRock Land II holding the remaining 42.8% interest, at the time (A) the Keillor Lenders loaned $12.5 million to the Borrowers (the "Keillor Loan") and (B) the Keillor Deeds of Trust were recorded on October 13, 2023, against the Keillor Lender Properties to secure the Keillor Loan.

15. A Grant Deed obtained from the Riverside Assessor-County Clerk-Recorder's Office, attached as **Exhibit D**, reflecting that, on or about December 8, 2025, Borrowers transferred their respective interests in the Keillor Lender Properties.

16. The Riverside County Assessor's Map, attached as **Exhibit E**, reflects that the Assessor Parcel Numbers for the Keillor Lender Properties corresponded to separate parcels as of June 2022.

## <u>LEGAL AUTHORITY</u>

Rule 201(a) of the Federal Rules of Evidence provides that the court may take judicial notice of adjudicative facts. Rule 201(b) provides that: "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *In re New Century TRS Holdings, Inc.*, 502 B.R. 416, 423 (Bankr. D. Del. 2013). Rule 201(c)(2) provides that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

The Court may take judicial notice of public records. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999) (court may take judicial notice of public records); *New Century TRS Holdings, Inc.*, 502 B.R. at 423 (taking judicial notice of documents filed with the clerk of the court's office in Florida); *see, e.g.*, *Connolly Dev., Inc. v. Super. Ct.*, 17 Cal. 3d 803-04, 815 (1976) (county recorder is an official of the state). **Exhibits A and B** are printouts from the Riverside County Recorder's official online index, accessible at https://webselfservice.rivcoacr.org/Web/ using the Borrowers' names as search terms. Similarly, the Court may take judicial notice of the recorded documents attached as **Exhibits D, F, G, H, and**

**I**, which is part of the Official Records of the Riverside Assessor-County Clerk-Recorder's Office. Each of these records are maintained by a government office and their accuracy cannot reasonably be questioned. Accordingly, the Court should take judicial notice of Exhibits A, B, D, F, G, H, and I as official public records whose contents are capable of accurate and ready determination from an unimpeachable source.

Likewise, the California State Board of Equalization, a state government agency, publishes and maintains the Assessors' Handbook on its official website at https://www.boe.ca.gov/proptaxes/ahcont.htm. The Handbook is designed to "give county assessors, their staff, and other interested parties an understanding of the principles of property assessment…." As an official publication of a state government agency, its accuracy cannot reasonably be questioned. **Exhibit E**, which consists of Section 215 of the Assessors' Handbook, is drawn directly from this authoritative and publicly available government source. Accordingly, the Court should take judicial notice of Exhibit F as a public record whose contents are capable of accurate and ready determination from an unimpeachable source.

Courts may also take judicial notice of their own records. *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197 (3d Cir. 1995) (taking judicial notice of underlying bankruptcy documents designated as part of the record on appeal); *In re LandSource Communities Dev. LLC*, 485 B.R. 310, 315 (Bankr. D. Del. 2013) (court taking judicial notice of pleadings, orders, and excerpts from the plan in the bankruptcy case); *New Century TRS Holdings, Inc.*, 502 B.R. at 424 (taking judicial notice of documents filed in bankruptcy case). Accordingly, the Court may take judicial notice of **Exhibit C**, the Second Amended Plan filed by the Debtors, and the Debtors' admissions regarding ownership of various parcels within the development project, which Granite has not disputed.

## CONCLUSION

For the foregoing reasons, the Court should take judicial notice of Exhibits A through I.

**GREENBERG TRAURIG, LLP**

*/s/ Anthony W. Clark*

Anthony W. Clark (DE Bar No. 2051)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Tel: (302) 661-7000
anthony.clark@gtlaw.com
*Attorneys for RAF Pacifica Loan Opportunity Fund I, LLC and Arnold Fishman, as Trustee of the Arnold Fishman Revocable Trust dated July 15, 1999, and their servicing agent, Keillor Capital, Inc.*

OF COUNSEL:

Eric V. Rowen (*admitted pro hac*)
Julianna M. Simon (*admitted pro hac*)
Sheri M. Kanesaka (*admitted pro hac*)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: (310) 586-7700
Email: eric.rowen@gtlaw.com
julianna.simon@gtlaw.com
sheri.kanesaka@gtlaw.com

Dated: September 16, 2026