**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SILVERROCK DEVELOPMENT COMPANY, LLC, *et al*.[1]<br><br>Debtors. | Chapter 11<br>Case No. 24-11647 (MFW)<br><br>(Jointly Administered) |
| GRANITE CONSTRUCTION COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CASSIDY TRAUB, AS CO-TRUSTEE OF TRAUB FAMILY REVOCABLE TRUST, DATED JANUARY 22, 2015; KEILLOR CAPITAL, INC., a California corporation; RAF PACIFICA LOAN OPPORTUNITY FUND I, LLC, a Delaware limited liability company; ARNOLD FISHMAN, AS TRUSTEE OF THE ARNOLD FISHMAN REVOCABLE TRUST DATED JULY 15, 1999; CONSTRUCTION LOAN SERVICES II, LLC D/B/A BUILDERS CAPITAL, a Washington limited liability company; SILVERROCK RESORT INVESTMENT M, LLC, a Wisconsin limited liability company; SILVERROCK RESORT INVESTMENT LLC, a Wisconsin limited liability company; and POPPY BANK, a California corporation,<br><br>Defendants. | Adv. Pro. No. 26-50631 (MFW) |

**NOTICE OF EB-5 LENDERS' JOINDER**
**AND MOTION TO DISMISS COMPLAINT**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

Defendants, SilverRock Resort Investment, LLC ("SRI") and SilverRock Resort Investment M, LLC ("SRIM," together with SRI, the "Defendants" or "EB-5 Lenders"), by and through their undersigned counsel, hereby move to dismiss all counts asserted in the Complaint (as defined below) against the EB-5 Lenders (this "Motion to Dismiss") and join in *Keillor Capital, Inc., RAF Pacifica Loan Opportunity Fund I, LLC, and Arnold Fishman's Motion to Dismiss the Complaint* [Dkt. No. 20] (the "Keillor Defendants' Motion to Dismiss"),[2] filed on September 16, 2026 in the above-captioned adversary proceeding (the "Adversary Proceeding"), and state as follows:

1. On August 5, 2024 (the "Petition Date"), SilverRock Development Company, LLC and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing Chapter 11 cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. Prior to the Petition Date, the EB-5 Lenders extended loans to SilverRock RGC Preferred, LLC (the "Borrower") pursuant to certain loan agreements, the proceeds of which funded the development and construction of the project commonly known as the Talus SilverRock Resort, located in La Quinta, California (the "Project"). The Project encompasses approximately 140 acres of real estate and improvements, including parcels commonly referred to as Planning Areas 7 and 8 (the "Property"). The Borrower's obligations to the EB-5 Lenders are secured and perfected by deeds of trust encumbering Planning Areas 7 and 8, identified as Riverside County

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in *Keillor Capital, Inc., RAF Pacifica Loan Opportunity Fund I, LLC, and Arnold Fishman's Memorandum of Law in Support of Motion to Dismiss the Complaint* (the "Memorandum in Support") [Dkt. No. 21].

Assessor's Parcel Nos. 777-060-085, 777-060-078, and 777-060-075 ("EB-5 Lenders' Properties" or "Planning Areas 7 and 8").

3. The EB-5 Lenders originally held first-priority mortgages on Planning Areas 7 and 8. However, they later subordinated these interests to the Keillor Defendants (as defined below) pursuant to that certain subordination agreement, dated October 13, 2023 (the "Subordination Agreement") to facilitate the Debtors' ability to secure additional financing for the Project. At the time of this subordination and prior to the Keillor Defendants' involvement, no mechanic's or other liens encumbered Planning Areas 7 and 8.

4. As a result of the Subordination Agreement, the EB-5 Lenders' liens on Planning Areas 7 and 8 became second in priority behind the Keillor Defendants' first-priority liens, which extended across Planning Areas 7, 8, and 9.

5. The Debtors commenced the Chapter 11 Cases to facilitate the sale of substantially all their assets. After conducting a marketing and sale process that considered only "all-asset" bids, the Debtors selected a winning bidder for the Property at a purchase price of $65 million, free and clear of all liens, claims, and encumbrances pursuant to section 363(f) of the Bankruptcy Code. All liens and interests that previously attached to the Property, including those of the EB-5 Lenders and the Keillor Defendants, attached instead to the net sale proceeds in the same order of priority.

6. On August 14, 2026, Granite Construction Company's ("Granite" or "Plaintiff") initiated the Adversary Proceeding by filing a complaint (the "Complaint"), seeking a determination of the validity, priority, and extent of the liens that formerly encumbered the Property, and the resulting allocation of the sale proceeds among the parties asserting competing interests, including the EB-5 Lenders.

7. On September 16, 2026, Defendants RAF Pacifica Loan Opportunity Fund I, LLC ("RAF Pacifica"), Arnold Fishman, as Trustee of the Arnold Fishman Revocable Trust Dated July

15, 1999 ("Fishman," and together with RAF Pacifica, the "Keillor Lenders"), and Keillor Capital, Inc. (together with the Keillor Lenders, the "Keillor Defendants") filed the Keillor Defendants' Motion to Dismiss and the Memorandum in Support in the Adversary Proceeding.

8. The Keillor Defendants seek dismissal of the Complaint's claims against them, including as those claims relate to Planning Areas 7 and 8.

9. The EB-5 Lenders adopt and join in the arguments set forth in the Memorandum in Support of the Keillor Defendants' Motion to Dismiss counts III,[3] VI, VII, VIII, IX, and X of the Complaint in their entirety.

10. The EB-5 Lenders' interest in the outcome of the Motion to Dismiss is direct: the EB-5 Lenders' second-priority lien position on Planning Areas 7 and 8 was, and is, junior only to the Keillor Defendants' first-priority lien position on those same parcels under the Subordination Agreement. The Keillor Defendants correctly demonstrate in the Memorandum in Support that Granite cannot establish a valid, enforceable lien interest in Planning Areas 7, 8, and 9 under applicable California law.

11. Because Granite's claims against the Keillor Defendants and the EB-5 Lenders arise from the identical alleged lien rights, rest on the identical factual and legal predicates, and fail for the identical reasons articulated in the Memorandum in Support, the Complaint's claims against the EB-5 Lenders as they relate to Planning Areas 7 and 8 should be dismissed on the same grounds and to the same extent as the claims against the Keillor Defendants.

---

[3] Count III of the Complaint is asserted directly against the EB-5 Lenders and therefore the Motion to Dismiss and the Memorandum of in Support do not specifically address Count III. However, Count II and Count III are substantially similar and therefore the EB-5 Lenders adopt the arguments set forth in the Memorandum in Support with respect to Count II of the Complaint and assert them here with respect to Count III of the Complaint as pleaded against the EB-5 Lenders.

12. Accordingly, the EB-5 Lenders hereby join in and adopt by reference (i) the Keillor Defendants' Motion to Dismiss, and (ii) the arguments set forth in the Memorandum in Support, in their entirety, as if fully set forth herein. For the reasons set forth in the Keillor Defendants' Motion to Dismiss and the Memorandum in Support, and for the additional reasons set forth herein, all counts of the Complaint asserted against the EB-5 Lenders should be dismissed with prejudice.

**RESERVATION OF RIGHTS**

13. This Motion to Dismiss is submitted without prejudice to, and the EB-5 Lenders fully reserve, all rights to raise additional facts, arguments, and defenses in response to the Complaint, whether at the hearing on the Keillor Defendants' Motion to Dismiss or otherwise. Nothing in this Motion to Dismiss waives or shall be construed to waive any right of the EB-5 Lenders to seek any other relief available to them in the Adversary Proceeding or the Chapter 11 Cases. The EB-5 Lenders further reserve the right to supplement or amend this Motion to Dismiss, to submit additional briefing, and to participate in any oral argument or hearing on the Keillor Defendants' Motion to Dismiss and/or the Complaint.

**CONCLUSION**

14. For the reasons set forth above, and for the reasons set forth in the Memorandum in Support of the Keillor Defendants' Motion to Dismiss, the EB-5 Lenders respectfully request that the Court dismiss all counts of the Complaint asserted against the EB-5 Lenders with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: September 30, 2026

Respectfully submitted,

**CLARK HILL PLC**

*/s/ Karen M. Grivner*

Karen M. Grivner (Bar No. 4372)
824 North Market Street, Suite 710
Wilmington, Delaware 19801
Telephone: (302) 250-4749



HB: 4911-9421-9987.2

kgrivner@clarkhill.com

AND

**HUSCH BLACKWELL LLP**

Michael A. Brandess (IL SBN 6299158)
(*Admitted Pro Hac Vice*)
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Telephone: (312) 526-1542
Facsimile: (312) 655-1501
michael.brandess@huschblackwell.com

AND

Morgan A. Hutchinson (MO Bar No. 75616)
(*Admitted Pro Hac Vice*)
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8193
Facsimile: (816) 983-8080
morgan.hutchinson@huschblackwell.com

**COUNSEL FOR SILVERROCK RESORT INVESTMENT LLC AND SILVERROCK RESORT INVESTMENT M LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 30, 2026, a true and correct copy of the foregoing *Notice of EB-Lenders' Joinder and Motion to Dismiss Complaint* was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system, including the following parties:

**Counsel to Granite Construction Company**
Scott J. Leonhardt
Maria Aprile Sawczuk
Jared T. Green
Esbrook P.C.
800 N. King Street, Suite 301
Wilmington, DE 19801
scott.leonhardt@esbrook.com
maria.sawczuk@esbrook.com
jared.green@esbrook.com

-and-

Andrea L. Petray
Lindsey C. Herzik
Finch, Thornton & Baird, LLP
4747 Executive Drive
San Diego, CA 92121
apetray@ftblaw.com
lherzik@ftblaw.com

*/s/ Karen M. Grivner*
Karen M. Grivner