**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>SILVERROCK DEVELOPMENT COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11647 (MFW)<br><br>(Jointly Administered) |
| GRANITE CONSTRUCTION COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CASSIDY TRAUB, AS CO-TRUSTEE OF TRAUB FAMILY REVOCABLE TRUST, DATED JANUARY 22, 2015, et al.,<br><br>Defendants. | Adv. Pro. No. 26-50631-MFW |

**KEILLOR CAPITAL, INC., RAF PACIFICA LOAN OPPORTUNITY FUND I, LLC, AND ARNOLD FISHMAN'S REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

Date: October 28, 2026

OF COUNSEL:

Eric V. Rowen (*admitted pro hac vice*)
Julianna M. Simon (*admitted pro hac vice*)
Sheri M. Kanesaka (*admitted pro hac vice*)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: (310) 586-7700
Email: eric.rowen@gtlaw.com
julianna.simon@gtlaw.com
sheri.kanesaka@gtlaw.com

**GREENBERG TRAURIG, LLP**

Anthony W. Clark (DE Bar No. 2051)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Tel: (302) 661-7000
anthony.clark@gtlaw.com

*Attorneys for RAF Pacifica Loan Opportunity Fund I, LLC and Arnold Fishman, as Trustee of the Arnold Fishman Revocable Trust dated July 15, 1999, and their servicing agent, Keillor Capital, Inc.*

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1
II. ARGUMENT ............................................................................................... 2
A. Counts II, VII, VIII, IX, and X Fail Because the Granite Lien Does Not Encumber the Keillor Lender Properties. ........................................................................... 2
1. The Granite Lien Does Not Encumber the Keillor Lender Properties Because It Was Never Recorded Against Them. ........................................................... 2
2. The Granite Lien Does Not Identify the Keillor Lender Properties. .................. 4
B. Naming SilverRock Phase 1 Does Not Place the Lien in the Owners' Chains of Title. ........................................................................................................ 9
C. Granite's Failure to Plead a Recorded Lien Is Not an Affirmative Defense......... 10
D. Section 8440 Cannot Create a Lien on Unlisted Parcels. .................................... 12
E. Granite Concedes That Its "Single Integrated Work of Improvement" Theory Cannot Excuse Recordation or Salvage Count X. ....................................................... 12
F. The Court May Determine the Recorded Lien's Scope on This Motion. ............. 13
G. Count VI Fails Because There Were No Lien Rights for the Granite Affidavit to Waive. ....................................................................................................... 14
H. Amendment Would Be Futile. ................................................................. 14
III. CONCLUSION ........................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbett Elec. Corp. v. California Fed. Sav. & Loan Assn.*,
230 Cal. App. 3d 355 (1991) ....................14

*Borello v. Eichler Homes, Inc.*,
221 Cal. App. 2d 487 (1963) ....................6

*Carmel Dev. Co. v. Anderson*,
48 Cal. App. 5th 492 (2020) ....................4, 7, 8

*D.I. Nofziger Lumber Co. v. Waters*,
10 Cal. App. 89 (1909) ....................7, 8, 13

*Forsgren Assocs., Inc. v. Pac. Golf Comty. Dev. LLC*,
182 Cal. App. 4th 135 (2010) ....................12

*GeoComply Sols. Inc. v. Xpoint Servs. LLC*,
No. CV 22-1273-WCB, 2023 WL 1927393 (D. Del. Feb. 10, 2023)....................12

*Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*,
810 F.3d 116 (3d Cir. 2016)....................12

*Hayward Lumber & Inv. Co. v. Pride of Mojave Mining Co.*,
43 Cal. App. 2d 146, 147 (1941) ....................7, 13

*Hollywood Cleaning& Pressing Co. v. Hollywood Laundry Service*,
217 Cal. 124 (1932) ....................10

*Howard A. Deason & Co. v. Costa Tierra Ltd.*,
2 Cal. App. 3d 742 (1969) ....................6

*Integrated Lender Servs., Inc. v. County of Los Angeles*,
22 Cal. App. 5th 867 (2018) ....................10, 14

*Jablonski v. Pan American World Airways, Inc.*,
863 F.2d 289 (3d Cir. 1988)....................13

*Kodiak Indus., Inc. v. Ellis*,
185 Cal. App. 3d 75 (1986) ....................9

*Koudmani v. Ogle Enters., Inc.*,
47 Cal. App. 4th 1650 (1996) ....................4

*Norins Realty Co. v. Consolidated Abstract & Title Guaranty Co.*,
80 Cal.App.2d 879 (1947) ....................10

*Sukut Constr., Inc. v. Cabot, Cabot & Forbes Land Tr.*,
95 Cal. App. 3d 527 (1979) ....................7, 8

*Times Mirror Co. v. Franchise Tax Bd.*,
102 Cal.App.3d 872 (1980) ....................10

*Union Lumber Co. v. Simon*,
150 Cal. 751 (1907) ....................6

*Vasquez v. LBS Fin. Credit Union*,
52 Cal. App. 5th 97 (2020) ....................3

*Vorchheimer v. Philadelphian Owners Ass'n*,
903 F.3d 100 (3d Cir. 2018)....................13

**Statutes**

Cal. Civ. Code § 8416....................9

Cal. Civ. Code § 8416 (2)(5) ....................3, 5

Cal. Civ. Code § 8422(b)(2) ....................10, 11

Cal. Civ. Code § 8440....................1, 11, 12

Cal. Civ. Proc. Code § 405.24 ....................10

**Other Authorities**

Rule 12(b)(6)....................12

Defendants RAF Pacifica Loan Opportunity Fund I, LLC ("RAF Pacifica"), Arnold Fishman, as Trustee of the Arnold Fishman Revocable Trust Dated July 15, 1999 ("Fishman," and together with RAF Pacifica, the "Keillor Lenders"), and Keillor Capital, Inc. (together with the Keillor Lenders, the "Keillor Defendants"), by and through their undersigned counsel, respectfully submit this Reply in support of their motion to dismiss (Dkt. No. 20) ("Motion") Plaintiff Granite Construction Company's ("Granite") Complaint (Dkt. No. 1).

## I. **<u>INTRODUCTION</u>**[1]

Granite seeks to enforce a lien against properties its recorded lien never encumbered. Three undisputed facts resolve the issue:

1. Granite neither claims that it recorded the Granite Lien in the chain of title for the Keillor Lender Properties nor identifies any recorded instrument by which the lien attached to them.

2. The recorded Granite Lien identifies four specific parcels—the Granite Properties—not the Keillor Lender Properties.

3. The lien names "SilverRock Phase 1 LLC" as the owner, not the Borrowers that owned the Keillor Lender Properties.

Nothing in Granite's opposing brief (Dkt. No. 33) ("Opposition" or "Opp.") alters these facts or salvages Granite's claims.

Granite conflates the scope of the Talus development with the scope of the Granite Lien. But a project name cannot override the four APNs the lien expressly identifies, and cases excusing imperfect property descriptions do not authorize a lien on different, unidentified parcels. Granite's other arguments miss the point: challenging the recorder searches does not establish that the Granite Lien was recorded against the Keillor Lender Properties; invoking section 8440 does not

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Keillor Defendants' memorandum of law in support of the Motion (Dkt. No. 21) ("Keillor Brief").

create a lien on omitted parcels; and discovery into where Granite performed work cannot change the instrument it recorded.

Granite's own foreclosure filings underscore the distinction. In successive amended *lis pendens*, Granite added APNs and described dozens of additional parcels, each with its own APN, as "now more particularly described." APNs mattered when Granite sought to reach more property; they cannot be dismissed as immaterial when they limit the lien Granite actually recorded. Those later filings expanded the property implicated by Granite's foreclosure action—not the property encumbered by the lien. A complaint or *lis pendens* cannot retroactively enlarge the properties subject to a recorded lien and does not negate the requirement that a lien be recorded against all properties it is intended to encumber.

These threshold defects defeat Granite's claims against the Keillor Defendants. Without a lien identifying and recorded against the Keillor Lender Properties, there was no lien to which the Keillor Defendants' interests could be subject and no lien rights for the Granite Affidavit to waive. The defect lies in the recorded instrument, not in missing evidence or insufficient allegations. Neither discovery nor amendment can cure it. The claims against the Keillor Defendants should be dismissed with prejudice.

## II. ARGUMENT

### A. Counts II, VII, VIII, IX, and X Fail Because the Granite Lien Does Not Encumber the Keillor Lender Properties.

#### 1. The Granite Lien Does Not Encumber the Keillor Lender Properties Because It Was Never Recorded Against Them.

The Keillor Brief established, and Granite does not dispute that a mechanic's lien encumbers only the property against which it is recorded; a claimant cannot "recover anything from the lots not encumbered by the . . . [l]ien." Keillor Brief at 11 (quoting *Carmel Dev. Co. v.*

*Anderson*, 48 Cal. App. 5th 492, 513 (2020) ("*Carmel*")); *id.* (quoting *Koudmani v. Ogle Enters., Inc.*, 47 Cal. App. 4th 1650, 1656 (1996) ("Unless and until a claim of lien is recorded, there is no lien, because there is no charge imposed upon the subject property to secure the owner's performance of the act of payment to the claimant.")). The Keillor Brief also established that Granite did not record the Granite Lien against the Keillor Lender Properties.

Granite's Opposition never says that it did. Instead, it attempts to sidestep that undisputed, dispositive fact with two arguments. First, Granite quibbles with the Keillor Defendants' printouts of the grantor/grantee index on the Riverside County Recorder's official website (an official public record system). Granite argues the printouts do not establish the absence of a lien against the Keillor Lender Properties because the searches were conducted for the names of the properties' owners, "RGC PA 789, LLC" and "SilverRock Land II, LLC", rather than SilverRock Phase 1, the entity named in the Granite Lien. Opp. at 14 & n.3. That objection only underscores the defect.[2] If the Granite Lien had been recorded in the chain of title to the Keillor Lender Properties, searches for their record owners' name would have revealed it. A grantor/grantee index is organized by the parties to recorded instruments, and a property's chain of title is traced through the names of its record owners. *See Vasquez v. LBS Fin. Credit Union*, 52 Cal. App. 5th 97, 100 (2020), *as modified* (July 14, 2020). An instrument indexed only under an entity that never owned the property is outside that property's chain of title. *See id.* (if recorded instrument is "not in the chain of title for the property, a diligent search of the index of property records in the registrar's office would not (and did not) reveal the [instrument]."). Said differently, an instrument indexed only under the name of an entity that never owned the property is not recorded against that property. Granite's

[2] *See* Section VI. B.2. of the Keillor Brief at 13 (A mechanic's lien must be a signed, verified written statement containing "[t]he name of the owner or reputed owner, if known"…. Cal. Civ. Code § 8416 (2)(5)).

insistence that the Granite Lien would appear only under SilverRock Phase 1—not under the names of the entities that owned the Keillor Lender Properties—thus confirms that the Granite lien was never recorded in those properties' chain of title.

Even if Granite's criticism raised a question about what the printouts show (and it does not), it does not establish that the Granite Lien was recorded against the Keillor Lender Properties. **Granite identifies no recorded instrument connecting the Granite Lien to the Keillor Lender Properties or their owners.** If Granite had recorded the lien against the Keillor Lender Properties, it would have said as much and pointed to the instrument that did so. It has not. The undisputed failure to record the lien against the Keillor Lender Properties therefore remains.

Second, Granite argues that it timely recorded the Granite Lien. Opp. at 6, 9-10. But that argument concerns the wrong properties. Whether it timely recorded a lien against properties owned by SilverRock Phase 1 is not at issue; the question is whether it ever recorded a lien against the Keillor Lender Properties. *See Carmel*, 48 Cal. App. 5th at 513–14; *Koudmani*, 47 Cal. App. 4th at 1656. It did not. Furthermore, Granite cannot cure that failure by asserting that its property description somehow "encompasses the [Keillor] Lender Properties." Opp. at 10. As the cases discussed below confirm, a property description cannot expand a recorded lien to reach separate properties against which no lien was recorded. Counts II, VII, VIII, IX, and X against the Keillor Defendants therefore fail.

### 2. The Granite Lien Does Not Identify the Keillor Lender Properties.

Granite also does not dispute that a mechanic's lien is enforceable only against the property identified in the recorded claim of lien. *See, e.g.*, Mot. at 11 (citing *Sukut Constr., Inc. v. Cabot, Cabot & Forbes Land Tr.*, 95 Cal. App. 3d 527, 529–32 (1979)). Nor does it dispute that the Granite Lien expressly identifies only four parcels, APNs 777-490-042 through 777-490-045, none of

which are the Keillor Lender Properties. Instead, Granite contends that the lien's broader references to the "Talus Resort and Residences – Dry Utility Backbone" and surrounding streets encompass the unlisted Keillor Lender Properties. Opp. at 5, 10–11.

That argument disregards the Granite Lien's most specific property description.

Granite is correct that a lien need not include an APN. But when a lien does identify parcels by APN, those parcel-specific references matter. The Granite Lien lists four APNs, while its project name and street references identify only the broader location. Those general references cannot expand the lien beyond the four parcels it specifically identifies. Otherwise, the APNs would serve no purpose. Granite cannot use references to the larger development to extend its lien to parcels the recorded instrument does not identify.

Granite's successive Notices of Pendency of Action confirm that the project reference in the Granite Lien does not define the parcels covered by the lien. The general reference to "Talus Resort and Residences" and the surrounding streets remained substantially unchanged, but the specifically identified parcels expanded with each filing. The Granite Lien identified only APNs 777-490-042 through 777-490-045. Compl., Ex. 14. Granite's initial Notice of Pendency of Action retained those four parcels and added APNs 777-490-072 through 777-490-080. Compl., Ex. 15.[3] Its Second Amended Notice of Pendency of Action ("Second Amended Notice") then ***identified dozens more parcels*** across multiple APN groups and described those APNs as "more particularly" identifying the affected property. Dkt. No. 35 (Granite's Motion to allow RJN, Ex. A).[4] That

[3] Granite's December 23, 2022 Notice of Pendency of Action stated:

> This action relates to the real property known and described as Talus Resort and Residences, SilverRock Way, Ahmanson Lane, Avenue 52, and Jefferson Street, La Quinta, California 92253, and legally described as Riverside County Assessor's Parcel Nos. 777-490-042, 777-490-043, 777-490-044, 777-490-045, 777-490-072, 777-490-073, 777-490-074, 777-490-075, 777-490-076, 777-490-077, 777-490-078, 777-490- 079, and 777-490-080.

*Id.*

[4] The Second Amended Notice at 3 provided:

progression shows that Granite distinguished the broader project description from the specific parcels it claimed were implicated. It does not show that the Granite Lien always covered every parcel associated with Talus. It shows that Granite later expanded the property implicated by its foreclosure action—not the property encumbered by the recorded lien.

The cases Granite cites do not support that expansion. In *Borello v. Eichler Homes, Inc.*, the court held that an imperfect property description sufficiently described the property to be encumbered because there was no ambiguity as to which property the lien covered. 221 Cal. App. 2d 487, 495–96 (1963). Although the lien identified "'Unit 3 and Unit 4, Terra Linda, San Rafael, California'" rather than "'Terra Linda Valley Unit 3 and Unit 4,'" it correctly identified the owner, who had contracted for the work and owned only Units 3 and 4 of Terra Linda Valley during the relevant period. *Id.* at 492. The description therefore "did point clearly to the particular property to be liened." *Id.* at 496.

Likewise, *Howard A. Deason & Co. v. Costa Tierra Ltd.*, addresses an imperfect description, not extending a lien to undescribed property. 2 Cal. App. 3d 742, 754 (1969). There, the lien identified the single tract the claimant had improved; its defect was omitting "northwest quarter," later cured by identifying the property as "commonly known as Palo Fierro Estates." *Id*. Granite, by contrast, accurately described the Granite Properties (APNs 777-490-042 through -045) but never identified the Keillor Lender Properties (Book 777-060), separate parcels owned by different entities. There is no description to correct.

---

This action relates to the real property known and described as Talus Resort and Residences, SilverRock Way, Ahmanson Lane, Avenue 52, and Jefferson Street, La Quinta, California 92253, and previously more particularly described as Riverside County Assessor's Parcel Nos. 777-490-023, 777-490-035 through 777-490-046, and 777-490-050 through 777-490-055, ***now more particularly described as*** Riverside County Assessor's Parcel Nos. 776-150-028, 776-150-029, 777-060-008, 777-060-019, 777-060-020, 777-060-062, 777-060-070 through 777-060-072, 777-060-075 through 777-060-078, 777-060-080, 777-260-037, 777-490-023, 777-490-035, 777-490-037, 777-490-039, 777-490-042, 777-490-046, 777-490- 050 through 777-490-080, 777-510-001 through 777-510-023, and 777-510-025.
(Emphasis added.)

And in *Union Lumber Co. v. Simon*, the lien contained an ambiguity in a boundary description but "[did] not give a specific description of other property than that sought to be charged"; the uncertainty disappeared when considered with the remaining description and evidence. 150 Cal. 751, 758–59 (1907).

The cases Granite invokes address imperfect descriptions that required the court to determine which property the claimant intended to identify. They do not permit a lien to be shifted from specifically identified parcels to different ones. The Granite Lien does not imperfectly describe the Keillor Lender Properties. ***It specifically describes different properties, the Granite Properties***, identified by APNs 777-490-042 through 777-490-045. The general project and street references cannot transform that specific description into a description of additional parcels. That would expand the lien, not clarify it.

*D.I. Nofziger Lumber Co. v. Waters*, 10 Cal. App. 89 (1909), *Hayward Lumber & Inv. Co. v. Pride of Mojave Mining Co.*, 43 Cal. App. 2d 146, 147 (1941), *Sukut*, *Carmel*, and *A.A. Baxter Corp. v. Home Owners & Lenders*, 7 Cal. App. 3d 725 (1970) ("*Baxter*"), are more analogous, and each recognizes the same principle: a lien recorded against particular property cannot be enlarged to reach property the lien does not cover.

In *D.I. Nofziger*, the lien identified "Lot 18, Block 5," but the claimant sought to enforce it against Lot 18, Block 4. 10 Cal. App. at 90–91. The court rejected that attempt because the "accurate and certain description" of the property in Block 5 "necessarily preclude[d] the idea" that the lien referred to property in another block. *Id.* Just as an accurate description of "Lot 18, Block 5" could not be treated as an imperfect description of Lot 18 in Block 4, Granite's accurate identification of four APNs cannot be treated as an imperfect description of the Keillor Lender Properties or any other property. The problem is not that Granite described the right property

imperfectly; it described different property. And Granite's later expansion of the affected APNs through successive *lis pendens* filings cannot retroactively enlarge the property encumbered by the Granite Lien.

Likewise, in *Hayward Lumber*, the Court of Appeals affirmed a demurrer without leave to amend where the lien identified mining claims and property in Section 22, but the claimant sought to foreclose on property in Section 33. 43 Cal. App. 2d at 146–47. Naming the mining claims "did not cure" the lien's failure to identify the property sought to be foreclosed. *Id.* at 147–49. The same result follows here: the Granite Lien's general reference to the "Talus Resort and Residences – Dry Utility Backbone" cannot displace its specific identification of four APNs or extend the lien to the unlisted Keillor Lender Properties. And because the recorded lien—not later litigation filings[5]—provides notice of the property encumbered, Granite cannot cure that omission through its foreclosure allegations or an expanded *lis pendens*. *Id.* at 149.

Granite's attempt to distinguish *Sukut* as a claim preclusion decision fares no better. Opp. at 12. The prior judgment was significant precisely because it had determined that the recorded lien "applied only to the two southerly parcels" identified in the claim. 95 Cal. App. 3d at 529–30. *Sukut* thus reinforces the principle relevant here: a lien against identified parcels does not also encumber omitted parcels. Granite cannot avoid that principle by characterizing the scope of its lien as a factual question.

*Carmel* and *Baxter* reinforce the same point. As Granite itself acknowledges, a contractor cannot "shift the excluded lots' proportionate liability to lots covered by its operative lien" or recover "the entire unpaid balance for work on a larger tract through a lien asserted against only

[5] Granite's numerous *lis pendens* do not show up in the chains of title for the Keillor Lender Properties and were not recorded as to the Keillor Lender Properties. *See* RJN Exs. A and B.

part of that tract." Opp. at 12. That is what Granite seeks to do here. Granite recorded its lien against four identified parcels, yet it now relies on work performed across the broader Talus development to extend that lien to additional parcels it did not identify. The cases Granite cites concerning imperfect descriptions do not permit that expansion; indeed, *D.I. Nofziger*, *Sukut*, *Carmel*, and *Baxter* foreclose it.

### B. Naming SilverRock Phase 1 Does Not Place the Lien in the Owners' Chains of Title.

The Keillor Brief established that the Granite Lien's failure to identify RGC PA 789, LLC, and SilverRock Land II, LLC, as owners further confirms that the Lien does not encumber the Keillor Lender Properties. Keillor Brief at 13–14 (citing Cal. Civ. Code § 8416(a)(2)). Granite responds that naming SilverRock Phase 1 as the "reputed owner" satisfied Cal. Civ. Code § 8416. Opp. at 13–15. But that answers the wrong question. The issue is not whether Granite could identify a reputed owner; it is whether naming SilverRock Phase 1 permitted Granite to encumber separate parcels owned by RGC PA 789, LLC, and SilverRock Land II, LLC. It did not. Indeed, Granite's identification of SilverRock Phase 1 only confirms that the Granite Lien was not recorded against the Keillor Lender Properties, which are owned by different entities.

*Kodiak Indus., Inc. v. Ellis*, 185 Cal. App. 3d 75 (1986), does not support Granite's position. *Kodiak* explains that a "reputed owner" is the person or entity whom those involved in the work "reasonably and in good faith believed" owned the property. *Id.* at 85–87. The doctrine thus protects a claimant's good-faith identification of the owner of the property being liened; it does not permit a claimant to name its contracting counterparty and thereby extend its lien to separately owned parcels elsewhere in an affiliated development.

Granite's own allegations and incorporated documents make that distinction dispositive. Granite does not allege that it reasonably and in good faith believed SilverRock Phase 1 owned

the Keillor Lender Properties. To the contrary, Granite alleges that different affiliated entities owned different portions of the project. Compl. ¶ 20. Granite cannot convert SilverRock Phase 1 into the reputed owner of separately owned parcels merely because the entities shared management or participated in the same development. Common management and corporate affiliation do not, without more, collapse separate corporate entities or make one entity the owner of another's property,[6] much less place Granite's lien in the chain of title for property owned by that affiliate.

### C. Granite's Failure to Plead a Recorded Lien Is Not an Affirmative Defense.

Granite responds that the Motion improperly seeks adjudication of an "Innocent-Encumbrancer" affirmative defense under Civil Code section 8422(b)(2). Opp. at 15–17. Not so. The Motion challenges Granite's own lien rights based on its Granite's inability to plead that its lien encumbers the Keillor Lenders' Properties, not the Keillor Defendants' affirmative defenses. Counts II, VII, VIII, IX, and X all depend on Granite possessing a valid lien against the Keillor Lender Properties that is superior to the Keillor Lenders' interests. Granite must therefore plead that lien. It cannot recast its failure to do so as an affirmative defense concerning the Keillor Defendants' knowledge.

Section 8422(b)(2) does not change the analysis. Whether the Keillor Defendants lacked notice or should have conducted further inquiry presupposes that Granite recorded a lien affecting their properties. It did not. Nor can Granite's allegations that its work extended into or served the Keillor Lender Properties expand the scope of its recorded lien. The Court therefore need not reach section 8422(b)(2).

---

[6] *See Hollywood Cleaning& Pressing Co. v. Hollywood Laundry Service*, 217 Cal. 124, 129-130 (1932) (same owners of one corporation owning shares of another company do not make the two companies the same entity); *Norins Realty Co. v. Consolidated Abstract & Title Guar. Co.*, 80 Cal. App. 2d 879, 883 (1947) ("ownership of all stock and control and management of a corporation . . . . is not of itself sufficient to . . . . disregard the corporate entity"); *Times Mirror Co. v. Franchise Tax Bd.*, 102 Cal. App. 3d 872, 878 (1980) (a corporation's property belongs to that corporation and not its parent).

But even if it did, Granite's Second Amended Notice does not establish the Keillor Defendants' knowledge of any Granite claim against the Keillor Lender Properties. First, a *lis pendens* provides notice of litigation; it does not create or expand the underlying property interest. Cal. Civ. Proc. Code § 405.24; *Integrated Lender Servs., Inc. v. Cnty. of L.A.*, 22 Cal. App. 5th 867, 877 (2018) (a *lis pendens* is a notice device only; it "does not give the [recording party] any rights in the property in and of itself."). The underlying action sought to foreclose the Granite Lien. Notice of that action could not transform the Granite Lien into a lien against additional properties or give the Keillor Defendants notice that the Granite Lien encumbered properties not identified in the lien.

Second, the Second Amended Notice identified APNs 777-060-075 through 777-060-078. Opp. at 6. Of the four Keillor Lender Properties, that range includes only APNs 777-060-075 and 777-060-078 and omits APNs 777-060-083 and 777-060-085. Thus, even if the notice were relevant to section 8422(b)(2), Granite's theory would not reach half of the Keillor Lender Properties.

The dispositive question is therefore not what the Keillor Defendants knew, but whether Granite pleaded a lien against their properties in the first place. It did not. Neither the scope of Granite's work nor a later *lis pendens* can expand the Granite Lien to property it did not encumber. Counts II, VII, VIII, IX, and X therefore fail as pleaded.

**D. Section 8440 Cannot Create a Lien on Unlisted Parcels.**

Granite's Complaint invoked Civil Code section 8440 and the "convenient use" doctrine to reach property not identified in its recorded lien. Compl. ¶¶ 95–100, 184. The Keillor Brief established neither could cure that threshold defect. Keillor Brief at 14.

Granite now argues that section 8440 does not expand a lien, but that it determines its extent as to property the lien "already identifies." Opp. at 17. That argument confirms the problem:

the Granite Lien identifies only the four APNs comprising the Granite Properties; it was not recorded against the Keillor Lender Properties. Section 8440 cannot enlarge the lien's recorded property description or extend it to parcels the lien never encumbered.

*Forsgren Assocs., Inc. v. Pac. Golf Cmty. Dev. LLC*, 182 Cal. App. 4th 135 (2010), is consistent. The contractor there recorded its lien against both the golf-course parcel and adjacent parcels; the question was how much of those already specifically encumbered parcels the convenient-use doctrine reached. *Id.* at 143, 153–54. Granite never recorded against the Keillor Lender Properties. Whether its work extended onto or benefited those properties cannot bring them within the lien that did not encumber them. Section 8440 governs the extent of a lien on property the recorded lien reaches; it does not create a lien on omitted property.

**E. Granite Concedes That Its "Single Integrated Work of Improvement" Theory Cannot Excuse Recordation or Salvage Count X.**

The Keillor Brief established that Granite cannot rescue its fatally defective claims by invoking a "single integrated work of improvement" theory. Keillor Brief at 14, 16-18. Granite offers no response and thus concedes the argument. *GeoComply Sols. Inc. v. Xpoint Servs. LLC*, No. CV 22-1273-WCB, 2023 WL 1927393, at *20 (D. Del. Feb. 10, 2023) (failure to respond to an argument constitutes a concession).

**F. The Court May Determine the Recorded Lien's Scope on This Motion.**

Granite characterizes lien scope as a factual issue requiring discovery. Opp. at 19–20. It is not. The relevant question is the legal effect of documents already before the Court, not where Granite performed work or what benefits that work allegedly conferred. Because the lien did not identify and was not recorded against the Keillor Lender Properties, discovery into the scope of work the lien was meant to encompass is irrelevant and unnecessary to resolve the Motion.

The Granite Lien is attached to and repeatedly invoked in the Complaint, and the deeds of trust and county recorder index records are public records central to the competing priority claims. The Court may consider those materials on a Rule 12(b)(6) motion without converting it to one for summary judgment. *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 127 (3d Cir. 2016) (courts considering a motion to dismiss ordinarily may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record"). And where a "[plaintiff's] own exhibit contradicts [its] allegations . . . , the exhibit controls." *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018).

Courts therefore may determine at the pleading stage whether the property on which a claimant asserts lien rights is encompassed by the recorded mechanic's lien. *Hayward Lumber*, 43 Cal. App. 2d at 146 (affirming dismissal without leave to amend following a demurrer—California's analogue to a motion to dismiss—because the mechanic's lien described property in Section 22 while the complaint sought to enforce the lien against property in Section 33, rendering the lien "fatally defective").

The same principle defeats Granite's request for discovery here. No discovery into where Granite trenched or installed a vault can change the APNs identified in the Granite Lien or expand the properties against which that lien was recorded. Granite cannot postpone dismissal by seeking discovery into facts that cannot alter the dispositive documents.

### G. Count VI Fails Because There Were No Lien Rights for the Granite Affidavit to Waive.

The Keillor Brief established that Count VI fails because Granite never acquired lien rights against the Keillor Lender Properties. With no lien rights to waive, the Granite Affidavit presents no controversy requiring resolution. Granite's Opposition does not cure that defect. Count VI should therefore be dismissed.

**H. Amendment Would Be Futile.**

Leave to amend should be denied where the proposed amendment "cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). Granite proposes adding "additional facts identifying the property described in the Lien" and the Second Amended Notice. Opp. at 20–21. Neither can cure the dispositive defect. No additional allegation can change the property description Granite actually recorded in the Granite Lien, which does not identify the Keillor Lender Properties. Nor can the Second Amended Notice cure that omission because a *lis pendens* does not alter or expand the property subject to a recorded lien. *Integrated Lender Servs.*, 22 Cal. App. 5th at 877; *Abbett Elec. Corp. v. Cal. Fed. Sav. & Loan Assn.*, 230 Cal. App. 3d 355, 361–62 (1991) (a *lis pendens* "is purely incidental to the action," cannot establish "any lien not otherwise available in the action," and does not "by itself create any such right").

The defect thus lies in the recorded lien, and no amendment to the Complaint can cure it. Leave to amend should therefore be denied as futile and dismissal entered with prejudice.

## III. CONCLUSION

For these reasons, the Court should dismiss Counts II, VI, VII, VIII, IX, and X against the Keillor Defendants with prejudice.

OF COUNSEL:

Eric V. Rowen (*admitted pro hac vice*)
Julianna M. Simon (*admitted pro hac vice*)
Sheri M. Kanesaka (*admitted pro hac vice*)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: (310) 586-7700
Email: eric.rowen@gtlaw.com
julianna.simon@gtlaw.com
sheri.kanesaka@gtlaw.com

Dated: October 28, 2026

**GREENBERG TRAURIG, LLP**

*/s/ Anthony W. Clark*
Anthony W. Clark (DE Bar No. 2051)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Tel: (302) 661-7000
anthony.clark@gtlaw.com

*Attorneys for RAF Pacifica Loan Opportunity Fund I, LLC and Arnold Fishman, as Trustee of the Arnold Fishman Revocable Trust dated July 15, 1999, and their servicing agent, Keillor Capital, Inc.*